UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>                           Plaintiff,<br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>                           Defendant. | Case No. 1:25-cv-7798 |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. Plaintiff American Civil Liberties Union Foundation, on behalf of its Immigrants' Rights Project, ("ACLU") brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking declaratory, injunctive, and other appropriate relief to compel the timely release of agency records improperly withheld by Defendant, United States Customs and Border Protection ("CBP").

2. Plaintiff ACLU submitted a FOIA request (the "Request") to CBP on January 8, 2025, seeking anonymized, non-exempt, individual level database records that CBP accesses through its Unified Immigration Portal ("UIP"). ACLU also requested that CBP link the data categories by producing anonymized unique identifiers that correspond to exempt information, as required by the Second Circuit's decision in *Am. C.L. Union Immigrants' Rts. Project v. United States Immigr. & Customs Enf't*, 58 F.4th 643 (2d Cir. 2023).

3. To date, CBP has not released any responsive records, notwithstanding the FOIA's requirement that agencies respond to requests within 20 working days.

1

4. The information sought is of significant value to the public. UIP connects datasets from multiple agencies, including CBP, U.S. Citizenship and Immigration Services, U.S. Immigration and Customs Enforcement, the Department of Health and Human Services, and the Department of Justice, and allows CBP access to vast amounts of data throughout the immigration lifecycle on a person-centric basis.[1] The data elements within UIP include information about immigration applications, arrests, transfers, detentions, and court information across each of these agencies. While CBP and other agencies have released some individual-level data, none of it is linked with other agencies' data—making it impossible to research broader trends throughout an individual's interaction with various agencies. This data is essential for Plaintiff and the public to fully understand and track rapidly changing immigration enforcement policy across multiple agencies.

5. The requested information—anonymized data at the individual level—would allow researchers, journalists, and advocates to better track enforcement steps and immigration outcomes as individuals move through the immigration process and interact with various agencies within the federal government. This information would increase the public's understanding about how agencies are identifying immigrants for detention and removal; how different agencies are working together to enforce federal immigration laws; and how the public's tax dollars are being spent with respect to such immigration matters. Thus, the requested information will significantly contribute to the public's understanding of government operations and activities.

6. CBP's failure to respond to Plaintiff's Request and release the requested records violates the FOIA and impedes Plaintiff's efforts to educate the public regarding how agencies

---

[1] *See* U.S. Dep't of Homeland Security, *Privacy Impact Assessment for the Unified Immigration Portal (UIP)* (April 1, 2022), https://www.dhs.gov/sites/default/files/2023-10/23_1024_priv_pia-cbp-072-uip.pdf.

enforce federal immigration laws and to determine whether immigration agencies' current practices comply with applicable, laws, regulations, and constitutional requirements.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction under 28 U.S.C. §§ 1331 and 1346(a)(2).

8. Venue lies in this district pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1391 because Plaintiff ACLU has its principal place of business in New York, New York.

## PARTIES

9. Plaintiff ACLU is a nationwide, non-profit, nonpartisan 26 U.S.C. § 501(c)(3) organization, with its principal place of business in New York City. The ACLU's mission is to maintain and advance civil rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. The ACLU's Immigrants' Rights Project is a project of the ACLU that focuses on defending immigrants' rights in the United States and informing the public about immigration enforcement practices of the government. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU's work and one of its primary activities.

10. Defendant CBP is a branch of the Department of Homeland Security ("DHS"), a department of the Executive Branch of the United States. Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and has control over the records Plaintiff seeks.

## FACTUAL BACKGROUND

### Plaintiff's Request

11. On January 8, 2025, Plaintiff submitted the Request to Defendant, seeking "Electronic Spreadsheet Data consisting of all individual-level non-identifying data available through the UIP" from January 1, 2000, to the date on which Defendant produces the data. The Request is attached as Exhibit A to this Complaint.

12. Plaintiff sought a waiver of fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k).

13. Plaintiff also sought a waiver of search and review fees on the grounds that it qualifies as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 6 C.F.R. § 5.11(d)(1).

14. In support of its request for a fee waiver, Plaintiff noted in the Request that the disclosure of the requested data is in the public interest, in light of rapidly changing immigration enforcement policies and government's new directives on asylum and applications for immigration benefits.

15. Plaintiff stated that it is a 501(c)(3) nonprofit organization that has no commercial interest, and cited to its work of publishing, analyzing, and disseminating information through its heavily visited website, which includes many features on information obtained through FOIA

requests. Plaintiff also noted its status as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II)-(III). *See also Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989) (finding that an organization that gathers information, exercises editorial discretion in selecting and organizing documents, "devises indices and finding aids," and "distributes the resulting work to the public" is a "representative of the news media" for purposes of the FOIA); *ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding non-profit public interest group to be "primarily engaged in disseminating information").

16. Plaintiff also sought expedited processing of the Request on the ground that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. 5 U.S.C. § 552(a)(6)(E); *see also* 6 C.F.R. § 5.5(e). In support of its request for expedited processing, Plaintiff explained that the requested information is urgently needed to inform the public about changes in the government's enforcement policies and practices. Plaintiff also detailed the ways in which it disseminates information, including by publishing reports, hosting public events, and engaging with the media.

### Defendant's Response to the Request

17. By email dated January 14, 2025, CBP acknowledged receipt of the Request on January 8, 2025, and assigned it tracking number CBP-FO-2025-045552. This email also invoked a 10-day extension of time to respond to the Request, and did not make any determination with respect to Plaintiff's request for a fee waiver and expedited processing. This email is attached as Exhibit B to this Complaint.

18. By email dated March 3, 2025, CBP informed Plaintiff that CBP has identified records potentially responsive to Plaintiff's request and that Plaintiff will be notified when those records are ready for release. This email is attached as Exhibit C to this Complaint.

19. As of September 19, 2025, it has been 176 business days since CBP received Plaintiff's Request, and 141 days since CBP informed Plaintiff that it has identified responsive records.

20. CBP has produced no records in response to the Request. To date, CBP has neither released responsive records nor explained its basis for withholding them.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Violation of Freedom of Information Act, 5 U.S.C. § 552 for Failure to Timely Disclose Responsive Agency Records

21. Defendant's unlawful withholding of documents responsive to Plaintiff's FOIA Request violates 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A), and (a)(6)(E), as well as 6 C.F.R. § 5.6(c), promulgated thereunder.

22. Defendant was required to make a determination on Plaintiff's FOIA Request within 20 business days under 5 U.S.C. § 552(a)(6)(A) and 6 C.F.R. § 5.6(c), promulgated thereunder. Even assuming that Defendant correctly invoked the ten-day extension provision of 5 U.S.C. § 552(a)(6)(B), Defendant was required to respond within 30 business days, which expired on February 24, 2025.

23. No basis exists for Defendant's failure to provide records in response to Plaintiff's Request. Plaintiff has exhausted its administrative remedies by virtue of Defendant's failure to respond to the FOIA Request.

**SECOND CLAIM FOR RELIEF**

**Violation of Freedom of Information Act, 5 U.S.C. § 552,
for Failure to Disclose and Release Responsive Records**

24. Defendant has failed to produce or reproduce any responsive records.

25. Defendant is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for and to produce records responsive to Plaintiff's FOIA Request promptly. Plaintiff has a legal right to obtain such records, and no legal basis exists for CBP's failure to conduct a reasonable search for records through the present date and produce those records promptly.

26. Defendant's failure to conduct a reasonable search for records responsive to Plaintiff's FOIA Request violates 5 U.S.C. §§ 552(a)(3) and (a)(6), as well as 6 C.F.R. § 5.6(c), promulgated thereunder.

**THIRD CLAIM FOR RELIEF**

**Violation of Freedom of Information Act, 5 U.S.C. § 552,
for Failure to Grant Plaintiff's Request for Fee Waiver**

27. Defendant has failed to grant Plaintiff's request for a fee waiver.

28. Under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k), CBP is required to waive or reduce fees associated with a FOIA request where "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Plaintiff has sufficiently demonstrated that it is entitled to a fee waiver under the FOIA.

29. By failing to grant Plaintiff's request for a fee waiver, Defendant has denied Plaintiff's rights under 5 U.S.C. § 552(a)(4)(A)(iii) as well as 6 C.F.R. § 5.11(k), promulgated thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)　Declare unlawful Defendant's refusal to disclose the records requested;

(b)　Declare that Defendant's failure to make a determination with respect to Plaintiff's FOIA Request within the statutory time limit and Defendant's failure to disclose responsive records violates the FOIA;

(c)　Compel Defendant and any of Defendant's departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendant to conduct a full, adequate, and expeditious search for records responsive to Plaintiff's FOIA Request and to produce any and all such records to Plaintiff;

(d)　Enjoin Defendant, and any of their departments, components, other organizational structures, agents, or other persons acting by, through, for or on behalf of Defendant from withholding non-exempt records responsive to Plaintiff's FOIA Request and order them to promptly produce the same without redaction;

(e)　Enjoin Defendant from assessing fees or costs for the processing of Plaintiff's FOIA Request;

(f)　Award Plaintiff reasonable attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

(g)　Grant any such further relief as the Court deems just and equitable.

Dated: September 19, 2025

Respectfully submitted,

By: /s/ Amber Qureshi

Amber Qureshi*
LAW OFFICE OF AMBER QURESHI, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Telephone: (443) 583-4353
amber@qureshilegal.com

* *Pro hac vice* motion filed concurrently

*Attorney for Plaintiff*