UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | No. 25 Civ. 7798 (JAV) |
| Plaintiff, | **ANSWER** |
| -v- | |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, | |
| Defendant. | |

Defendant United States Customs and Border Protection ("Defendant" or "CBP"), by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby answers the Complaint (ECF No. 1, the "Complaint"), of the Plaintiff American Civil Liberties Union Foundation ("Plaintiff"), upon information and belief as follows:

1. The first sentence of Paragraph 1 of the Complaint consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and seeks to compel release of records.

2. Defendant admits that CBP received a FOIA request on or about January 8, 2025, (the "Request") seeking anonymized, individual-level data to which CBP has access through its Unified Immigration Portal ("UIP"). Defendant respectfully refers the Court to the Request for a complete and accurate statement of its contents. To the extent Paragraph 2 of the Complaint categorizes certain information as non-exempt under FOIA or purports to summarize the holding of a judicial opinion, those are legal assertions to which no response is required, and Defendant

respectfully refers the Court to *American Civil Liberties Union Immigrants' Rights Project v. U.S. Immigration & Customs Enforcement*, 58 F.4th 643 (2d Cir. 2023), for a complete and accurate statement of its contents.

3.      Defendant admits that CBP has not released records to date in response to the Request. To the extent Paragraph 3 of the Complaint characterizes FOIA's requirements, that constitutes a legal conclusion to which no response is required.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint, except Defendant admits that the UIP is a portal through which authorized users can access data maintained by multiple agencies, including CBP, U.S. Citizenship and Immigration Services, U.S. Immigration and Customs Enforcement, the Department of Health and Human Services, and the Department of Justice. Defendant further admits that this includes data regarding immigration applications, arrests, transfers, detentions, and court information.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5 of the Complaint. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint consists of conclusions of law as to violation of FOIA and its alleged impact on Plaintiff, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint consists of legal conclusions regarding jurisdiction, to which no response is required.

8.      Paragraph 8 of the Complaint consists of legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Defendant admits that it is an agency within the Department of Homeland Security ("DHS"). With respect to the second sentence of Paragraph 10 of the Complaint, whether "Defendant is an 'agency' within the meaning of 5 U.S.C. § 552(f)(1)" is a legal conclusion to which no response is required, and Defendant denies that it has control over the records Plaintiff seeks.

11. Defendant admits that Plaintiff submitted the Request to Defendant on or about January 8, 2025. Defendant respectfully refers to the Court to the Request for a complete and accurate statement of its contents.

12. Defendant admits that Plaintiff sought a waiver of fees in the Request and respectfully refers the Court to the Request for a complete and accurate statement of its contents.

13. Defendant admits that Plaintiff sought a waiver of fees in the Request and respectfully refers the Court to the Request for a complete and accurate statement of its contents.

14. Defendant admits that Plaintiff sought a waiver of fees in the Request and respectfully refers the Court to the Request for a complete and accurate statement of its contents.

15. Defendant admits that Plaintiff characterized itself and its work in the Request. Defendant lacks knowledge and belief regarding the accuracy of that characterization, and respectfully refers to the Court to the Request for a complete and accurate statement of its contents.

16. Defendant admits that Plaintiff sought expedited processing of the Request and respectfully refers the Court to the Request for a complete and accurate statement of its contents.

17. Defendant admits that it acknowledged receipt of the Request on or about January 14, 2025, and assigned it tracking number CBP-FO-2025-045552. Defendant respectfully refers the Court to the relevant acknowledgment email for a complete and accurate statement of its contents.

18. Defendant admits that it sent an email to Plaintiff regarding the Request on or about March 3, 2025. Defendant respectfully refers the Court to that email for a complete and accurate statement of its contents.

19. Defendant denies the allegations in Paragraph 19 of the Complaint, except admits that September 19, 2025, is more than 176 days after January 8, 2025.

20. Defendant denies the allegations in Paragraph 20 of the Complaint, except admits that to date it has not produced records in response to the Request.

21. Paragraph 21 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant admits that, as of the date the Complaint was filed, Defendant had not produced any records in response to the Request.

25. Paragraph 2 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant admits that, as of the date the Complaint was filed, it had not granted Plaintiff a fee waiver.

28. Paragraph 28 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 29 of the Complaint.

30. The unnumbered paragraph following Paragraph 29, beginning with "WHEREFORE," consists of Plaintiff's demand for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief.

## **DEFENSES**

### **FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of the requested records are records protected from disclosure by any applicable FOIA exemptions or exclusions. *See* 5 U.S.C. § 552(b).

## THIRD DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

## FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

## FIFTH DEFENSE

To the extent Plaintiff seeks expedited processing of his FOIA request, he is not entitled to such expedited processing. *See* 5 U.S.C. § 552(a)(6)(E).

## SIXTH DEFENSE

Plaintiff is not entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

## SEVENTH DEFENSE

To the extent Plaintiff seeks records that are not records of CBP, Plaintiff is not entitled to production of any such records.

Defendant may have additional defenses that are not known at this time but may become known through discovery. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendant respectfully requests that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated:	January 8, 2026
	New York, New York

                        Respectfully submitted,

                        JAY CLAYTON
                        United States Attorney for the
                        Southern District of New York

By:    */s/ Mollie Kornreich*
                        MOLLIE KORNREICH
                        Assistant United States Attorney
                        86 Chambers Street, 3rd Floor
                        New York, New York 10007
                        Tel.: (212) 637-3274
                        Email: mollie.kornreich@usdoj.gov