

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 16, 2026

**BY ECF**
Hon. Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

> Re:    *American Civil Liberties Union Foundation v. United States Customs and Border Protection*, No. 25 Civ. 7798 (JAV)

Dear Judge Vargas:

This Office represents defendant United States Customs and Border Protection ("CBP" or the "Government") in the above-referenced action brought by Plaintiff American Civil Liberties Union Foundation ("ACLU") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Pursuant to the Court's April 20, 2026, Order, ECF No. 22, I write respectfully on behalf of all parties to provide the Court with the information requested in the Court's January 14, 2026, Notice of Initial Pretrial Conference, ECF No. 16.

For the reasons explained below, the parties believe that summary judgment briefing will be necessary in this action, but that a pretrial conference in advance of that briefing is not necessary. Unless the Court would like further information about any of the topics discussed in this letter, the parties respectfully request that the Court adjourn the currently scheduled June 23, 2026, conference, and order the briefing schedule proposed below.

1. **A brief description of the Government defendant's responses to the FOIA requests that are the subject of the action, including whether searches for responsive records are ongoing and the anticipated timeframe for processing responsive records.**

This case concerns a FOIA request that plaintiff ACLU submitted to CBP on January 8, 2025, seeking data that CBP "accesses through its Unified Immigration Portal" ("UIP"). ECF 1-1, Jan. 8, 2025, FOIA Request ("Request") at 1. The UIP is a portal through which authorized users can access data, broadly related to immigration, that is maintained by various U.S. Department of Homeland Security ("DHS") components and other agencies, including CBP, U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), the Department of Health and Human Services ("HHS"), and the Department of Justice ("DOJ"). *See Privacy Impact Assessment for the UIP*, DHS Reference No. DHS/CNP/PIA-72 ("UIP Privacy Impact Statement") (April 1, 2022), https://www.dhs.gov/sites/default/files/2023-10/23_1024_priv_pia-cbp-072-uip.pdf.

In the Request, ACLU sought the following records, from January 1, 2000, to the date CBP produces responsive data: "Electronic Spreadsheet Data consisting of all individual-level non-identifying data available through the UIP." Request at 2. Further, "[i]f a single individual appears in more than one row or table, the agency should produce an anonymous unique ID corresponding to each individual." *Id*.

On June 5, 2026, CBP made an initial production of one spreadsheet of data, consisting of a portion of the CBP data viewable through the UIP for April 2026, with certain information redacted pursuant to 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(E). CBP plans to continue to process and release its data viewable through the UIP.

**2.  A brief description of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.**

The parties have been engaged in settlement discussions since November 2025. Counsel for the parties have discussed the substance of a potential settlement on telephone calls lasting approximately 10-30 minutes on November 17, 2025, February 20, 2026, and June 5, 2026. In addition, counsel have corresponded regarding potential settlement in various emails since November 2025.

**3.  A description of the issues in dispute, including but not limited to disputes regarding expedited processing, waiver of fees, adequacy of search, and the withholding of records under FOIA exemptions.**

The parties are still conferring regarding the scope of any disputes. The parties' respective positions are as follows.

The Government's Position: While CBP can view data maintained by other Federal agencies through the UIP, much of the viewable data consists of records that are maintained by other agencies and DHS components. As noted above, the UIP provides access to information from various systems within and outside of DHS. *See* UIP Privacy Impact Statement, Appendix A: UIP Datasets.[1] The Request is therefore invalid both because it is overbroad and to the extent it seeks from CBP—which is, to this Office's knowledge, the sole recipient of the Request—records that are not within CBP's custody or control. In addition, the Request seeks a massive amount of data, far beyond what can reasonably be produced. In the interest of potentially avoiding litigation, the Government is willing to revisit whether additional processing would be feasible after it completes production of CBP data viewable through the UIP and defer any briefing until that time, but Plaintiff disagrees with that approach.

The Government therefore plans to move for summary judgment to the extent the Request seeks records that are viewable through the UIP but that are not CBP's, both because the Request as written does not reasonably describe the records sought and would impose an unreasonable

---

[1] Additionally, because the content of the underlying data sources is in flux, so is the data viewable through the UIP. Any information produced in response to the Request can therefore only capture data accessible through the UIP at the moment it is pulled.

burden on the agency, *see, e.g.*, *Keeping Gov't Beholden, Inc. v. DOJ*, No. 17-1569, 2021 WL 5918627, at \*5-6 (D.D.C. Dec. 13, 2021), and because the Request seeks records that are not within CBP's control, *see, e.g.*, *Behar v. United States Dep't of Homeland Sec.*, 39 F.4th 81, 88-91 (2d Cir. 2022).

Although not ripe at this time, the parties may also have disputes with respect to (1) the applicability of certain FOIA exemptions, depending on the breadth of the information being produced; (2) whether CBP is required to produce data with unique identifiers; (3) whether ACLU is entitled to a waiver of search and review fees or attorney's fees, *see* Compl. ¶¶ 12-14, and (4) whether ACLU is entitled to expedited processing, *see id*. ¶ 16. The Government believes that these disputes may be resolved or effectively rendered moot by agreement. However, to the extent they are not consensually resolved, they can be addressed by subsequent motion practice.

ACLU's Position: The UIP is a system developed and maintained by CBP "to connect relevant data from agencies across the immigration lifecycle to enable a more complete understanding of an individual's immigration journey." *See* UIP Privacy Impact Statement at 2. The data requested here is valuable primarily because it contains data from across different agencies and enables a more comprehensive accounting of immigration enforcement actions than is possible with currently available data from disparate data sources. CBP's unreasonable limitation on producing only CBP data contained in the UIP is not supported by FOIA.

ACLU intends to oppose the government's motion for summary judgment and plans to cross-move for summary judgment. First, the ACLU's straightforward request for data available through the UIP is reasonably described as it allows CBP "to determine precisely what records are being requested." *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996) (internal quotations omitted); *see Tereshchuk v. Bureau of Prisons*, 67 F. Supp. 3d 441, 454 (D.D.C. 2014). Second, CBP is required to produce data available through the UIP that is inputted by other agencies because CBP has possession of those records in the course of its official duties. *See U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 145–47 (1989); *McGehee v. C.I.A.*, 697 F.2d 1095, 1109–10 (D.C. Cir.), on reh'g sub nom. *McGehee v. Cent. Intel. Agency*, 711 F.2d 1076 (D.C. Cir. 1983).

With respect to the Government's position regarding future disputes, the ACLU agrees that most of these issues are currently not ripe. However, the one exception is whether CBP is required to produce data with unique identifiers. *See Am. C.L. Union Immigrants' Rts. Project v. United States Immigr. & Customs Enf't*, 58 F.4th 643 (2d Cir. 2023). CBP did not produce unique identifiers in its initial production on June 5, 2026. If this issue is not resolved in the forthcoming motions and CBP continues to insist that it is not required to produce unique identifiers, the parties will very likely have to appear before this Court again in the near future to resolve this dispute. Therefore, the ACLU intends to raise this issue in its cross-motion for summary judgment unless CBP changes its position.

4. **The parties' proposals for how to proceed, including the parties' positions on whether this matter is ripe for summary judgment motions, and if so, a proposed briefing schedule for such motions.**

CBP is processing its own data that is the subject of the Request (i.e. the CBP data viewable through the UIP), but it is not currently processing data maintained by other agencies or DHS components that is viewable through the UIP. The parties disagree regarding whether CBP is required to do so. To date, the parties have been unable to resolve this matter without judicial intervention and therefore propose the following four-brief schedule on cross-motions for summary judgment:

- Government's motion for summary judgment – by August 17, 2026
- Plaintiff's cross-motion for summary judgement and opposition to Government's motion – by September 16, 2026
- Government's opposition to Plaintiff's motion and reply in support of its own motion – by October 16, 2026
- Plaintiff's reply – by October 30, 2026

The parties respectfully request that the Court order this briefing schedule. Additionally, if the Court does not require further information at this time, the parties respectfully request that the Court adjourn the June 23, 2026, initial pretrial conference.

\* \* \*

We thank the Court for its attention to this matter.

Respectfully,

JAY CLAYTON
United States Attorney

By:    */s/ Mollie Kornreich*
MOLLIE KORNREICH
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-3274
Email: mollie.kornreich@usdoj.gov

The Court adopts the briefing schedule for summary judgment motions proposed by the parties. The initial pretrial conference previously scheduled for June 23, 2026, is adjourned sine die. The parties are ORDERED to submit a status report regarding negotiations on the remaining issues in 60 days. The Clerk of Court is directed to terminate ECF No. 23.

SO ORDERED.

DATED: June 17, 2026

JEANNETTE A. VARGAS
U.S. DISTRICT JUDGE

4